UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

ERICK ENRIQUE CABALLERO,

Petitioner,

v.

PAMELA BONDI et al.,

Respondents.

CASE NO. 2:26-cv-00990-JHC

ORDER

**I**

**INTRODUCTION**

This matter comes before the Court on Erick Enrique Caballero's Petition for Writ of Habeas Corpus. Dkt. # 4. The Court has reviewed the materials filed in support of and in opposition to the Petition, the rest of the record, and the governing law. Being fully advised, for the reasons below, the Court DENIES the Petition. Dkt. # 4.

**II**

**BACKGROUND**

Petitioner is a native and citizen of Panama who arrived in the United States on August 4, 2023 along the Southern border. Dkt. # 9-1. On the same day, Petitioner was personally served a Notice to Appear charging him as inadmissible. *Id.* On April 11, 2024, after Petitioner failed

ORDER - 1

to appear, an immigration judge entered an *in absentia* removal order to Panama.[1] Dkt. # 9-2. On September 20, 2025, Petitioner was pulled over for a traffic violation by Alaska State Troopers who informed Homeland Security Investigation of Petitioner's location, and on September 26, 2025, Petitioner was booked into the Northwest ICE Processing Center (NWIPC), where he remains.  Dkt. # 8 at 2.

### III

#### DISCUSSION

Federal district courts have the authority to grant a writ of habeas corpus if a person "is in custody in violation of the Constitution or laws or treaties of the United States[.]"  28 U.S.C. § 2241 (a), (c).  "The [habeas] petitioner carries the burden of proving by a preponderance of the evidence that [they are] entitled to habeas relief."  *Davis v. Woodford*, 384 F.3d 628, 638 (9th Cir. 2004).

Title 8 U.S.C. § 1231 governs the detention and release of noncitizens subject to a removal order, such as Petitioner.  Under § 1231(a), to facilitate removal the Government must hold a noncitizen in custody during the 90-day "removal period" after entry of a final removal order.  *See* 8 U.S.C. §§ 1231(a)(1)(A), (a)(2); *see also Zadvydas*, 533 U.S. at 682.  After the removal period expires, the Government "may" continue to detain a noncitizen who remains in the United States, but it cannot do so indefinitely.  8 U.S.C. § 1231(a)(6); *see also Zadvydas*, 533 U.S. at 682, 701.

---

[1] Neither party states when the order was administratively final.  Although 8 C.F.R. § 1241.1(e) states that an *in absentia* removal order is final on the date it is entered, the Ninth Circuit has held that an *in absentia* removal order becomes final upon the earlier of (1) the 180-day period to file a motion to reopen expires, or (2) the BIA affirms the order.  *Cui v. Garland*, 13 F.4th 991, 996 (9th Cir. 2021). Here, Petitioner tried to file an appeal to the BIA, but it was rejected for administrative reasons.  Dkt. # 9-3.  No further appeal was sought.  Dkt. # 8.  The removal order was entered April 11, 2024, and became final 180-days later on October 8, 2024.

ORDER - 2

In *Zadvydas*, the Supreme Court held that § 1231 "limits [a noncitizen]'s post-removal-period detention to a period reasonably necessary to bring about that [noncitizen]'s removal from the United States." *Id.* at 689. The Supreme Court determined that it is "presumptively reasonable" for the Government to detain a noncitizen for six months following entry of a final removal order while it works to remove the individual. *Id*. at 701. "After this 6-month period, once the [noncitizen] provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, the Government must respond with evidence sufficient to rebut that showing." *Id*. If the Government fails to rebut the noncitizen's showing, the noncitizen is entitled to habeas relief. *Id*. at 699-701.

Here, the Court need not determine the precise date the post-removal-period ended because even assuming the presumption has been triggered, the Government has rebutted the presumption. Petitioner has provided only minimal briefing, contending only that the Government has had "ample time and opportunity to secure travel documents" and has several times communicated with the Panamanian Consulate.[2] Dkt. # 11 at 5; *see* Dkt. # 4. Still, this suffices to shift the burden to the Government.

The Government has shown that it acted quickly to begin the removal process and only paused because Petitioner repeatedly informed it that his family had sent his Panama passport. Dkt. # 8 at 2-3. And even though Petitioner still says his Panama passport is on its way, the Government now intends to move forward and initiate a travel documents request.[3] *Id.* Petitioner has provided no reason why the Government cannot quickly obtain travel documents

---

[2] Petitioner alleges in these communications the Government has attempted to secure travel documents to no avail. Dkt. # 11 at 5. The Government frames the conversations differently. According to the Government, the Panamanian Consulate contacted immigration officials in the United States to explain that Petitioner's family was mailing his passport. Dkt. # 8 at 2. This does not lead to an inference that the Government cannot obtain Panama travel documents as Petitioner implies.

[3] If the Government does not expeditiously initiate this request, or travel documents cannot be procured, Petitioner may have a viable claim.

ORDER - 3

from Panama; in fact, the Government has already had communications with the Panamanian Consulate regarding Petitioner. *See* Dkt. # 11 at 5; Dkt. # 8 at 2. Regardless of whether the passport is on its way or the Government soon receives travel documents, removal in the reasonably foreseeable future is likely. Thus, Petitioner is not entitled to habeas relief.[4]

IV

CONCLUSION

For these reasons, the Court DENIES the Petition for Writ of Habeas Corpus without prejudice. Dkt. # 4.

The Clerk is directed to send uncertified copies of this Order to all counsel of record and to any party appearing pro se at said party's last known address.

Dated this 29th day of April, 2026.

John H. Chun
United States District Judge

---

[4] The Court need not consider Petitioner's request for relief under the Eighth, Thirteenth, or Fourteenth Amendments as he has not alleged any facts to support such claims for relief. *See* Dkt. # 4. Similarly, although Petitioner claims his rights were and continue to be violated because he is detained "without a warrant signed by a federal judge with attached certified affidavit of probable cause," Petitioner has pointed to no authority requiring such, and the Court knows of no such authority when Petitioner is subject to detention under 8 U.S.C. § 1231, and thus this does not serve as a basis of relief. *See also* Dkt. # 9-5 (Warrant of Removal/Deportation signed Immigration and Customs Enforcement Field Officer). Finally, in his traverse, Petitioner requests this Court order the immigration court to re-open his proceedings based on ineffective assistance of counsel. *See* Dkt. # 11. But Petitioner raises this for the first time in his traverse and so the Respondents have not had a chance to respond. More importantly, Petitioner cites no legal authority granting the Court jurisdiction to enter such an order, nor is the Court aware of any. Thus, the Court denies the request.

ORDER - 4